UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| LOANI RAMOS SANCHEZ, | ) |
| Plaintiff | ) ) ) ) |
| v. | ) ) |
| KRISTI NOEM, SECRETARY OF UNITED STATES DEPARTMENT OF HOMELAND SECURITY; JOSEPH B. EDLOW, DIRECTOR OF UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; TERRI ROBINSON, DIRECTOR OF NATIONAL BENEFITS SERVICE CENTER, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

No. _____

## **COMPLAINT**

### INTRODUCTION

1. Plaintiff Loani Ramos Sanchez ("Loani") entered the United States as an unaccompanied minor when she was seventeen years old. Upon her entry, she was held by the Office of Refugee Resettlement prior to being released to one of her brothers in New Hampshire.

2. On September 10, 2021, the day before Loani's eighteenth birthday, a different brother filed a private Petition for Abuse and Neglect in the Manchester, New Hampshire Family Court, asking the Court to find that Loani's parents had neglected and/or abandoned her.

1

3. The Abuse & Neglect Petition included a cover letter from Loani's counsel explicitly consenting to the Family Court retaining jurisdiction over her and her case beyond her eighteenth birthday, as contemplated by New Hampshire law.

4. The Family Court ultimately issued a Judgment and Special Finding of Facts and Ruling of Law, finding that Loani had been neglected and/or abandoned by her mother and father, thus making reunification with her parents not viable, and finding that it was not in her best interest to be returned to Honduras. Loani's parents did not contest the allegation contained in the Petition.

5. On June 3, 2024, the Court issued the Judgment and Special Findings of Facts and Ruling of Law, *nunc pro tunc*, to the date the petition had been filed, the day prior to Loani's eighteenth birthday.

6. Believing that she satisfied the statutory and regulatory criteria to qualify for Special Immigrant Juvenile ("SIJ") status, Loani relied upon the Family Court's findings when she filed her SIJ self-petition with U.S. Citizenship and Immigration Services ("USCIS").

7. On October 22, 2024, USCIS issued a Notice of Intent to Deny ("NOID") alleging Loani had not provided another court order to which the *nunc pro tunc* order made corrections and claiming that she had thus not met her burden of proof requiring a SIJ applicant to demonstrate that the court exercised jurisdiction over her as a juvenile under state law.

8. On November 22, 2024, Loani responded to the NOID with a detailed Memorandum of Law and copy of the court-stamped cover letter, explaining the court's exercise of its state statutory jurisdiction, and the intended effect of the *nunc pro tunc* order. USCIS nonetheless denied her application.

9. On January 3, 2025, Loani filed a Motion to Reopen and a Motion to Reconsider the denial of her application for Special Immigrant Juvenile classification. With her Motions, Loani

provided an amended order from the Manchester Family Court, clarifying the Court's extended statutory jurisdiction over Loani past her eighteenth birthday and affirming the Court's authority to issue *nunc pro tunc* orders.

10. On February 13, 2025, USCIS dismissed the Motion to Reopen and Motion to Reconsider stating that Loani failed to overcome the reason(s) for the denial of her application, and that USCIS cannot accept the petition filing date as the date the judge signed the court order.

11. Loani brings this lawsuit to challenge Defendants' unlawful denial of her application for Special Immigrant Juvenile classification in violation of the Administrative Procedure Act.

12. Defendants have claimed that because the state court order was issued after Loani turned eighteen years old, the family court was not exercising jurisdiction over her as a juvenile, ignoring the family court's authority to retain statutory jurisdiction over a child past their eighteenth birthday, and the court's inherent authority to issue orders *nunc pro tunc*. Defendants' conclusions constitute an unjustified interpretation of New Hampshire state law, and amount to Defendants superseding the authority and wisdom of the New Hampshire family courts regarding child welfare matters with its own erroneous legal analysis.

## PARTIES

13. Plaintiff, Loani Ramos Sanchez ("Loani" or "Plaintiff") is an individual who resides in New Hampshire.

14. Defendant Kristi Noem is the Secretary of the Department of Homeland Security ("DHS"). She is sued in her official capacity.

15. Defendant Joseph B. Edlow is the Director of United States Citizenship and Immigration Services ("USCIS"). He is sued in his official capacity.

16. Defendant Terri Robinson is the Director of the National Benefits Center at USCIS. She is sued in her official capacity.

## JURISDICTION AND VENUE

17. The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Loani alleges a violation of the Administrative Procedure Act of 1946, 5 U.S.C. § 551 *et seq.* (1946) ("APA"), and because she seeks review of a federal agency action.

18. The Court also has jurisdiction pursuant to 28 U.S.C. § 1346(a)(2) as the United States is a Defendant and pursuant to 5 U.S.C. § 702 for the right of review of an agency action.

19. Venue is proper in the District of New Hampshire under 28 U.S.C. § 1391(e)(1) as Petitioner resides in New Hampshire.

## FACTS

### Background on Special Immigrant Juvenile ("SIJ") Classification

20. SIJ is a form of humanitarian immigration relief which provides a person with a pathway to apply for lawful permanent residence which may ultimately lead to obtaining United States citizenship. *See* 8 U.S.C. §§ 1255, 1427. The New Hampshire Circuit Court Family Division is precisely such a court. *See, e.g.*, N.H. R.S.A. 490-D:1 and 490-D:1-a.

21. A non-citizen child is eligible for classification as a Special Immigrant Juvenile if (i) she is under twenty-one years old at the time the application for special immigrant juvenile status is filed, (ii) she is unmarried at the time her application for special immigrant juvenile status is filed and adjudicated, (iii) she is physically present in the United States, (iv) she is the subject of a juvenile court order that makes specific judicial determinations, and (v) she obtains consent from the Secretary of Homeland Security for classification as a special immigrant juvenile. 8 C.F.R. § 204.11(b)(1)-(5).

22. Pursuant to the Immigration and Nationality Act ("INA"), a child is an unmarried person who is under the age of twenty-one. *See* 8 U.S.C. § 1101(b)(1).

23. A "juvenile court" is "a court located in the United States that has jurisdiction under State law to make judicial determinations about the dependency and/or custody and care of juveniles." 8 C.F.R. § 204.11(a).

24. Before a child may apply for Special Immigrant Juvenile ("SIJ") classification with USCIS, she must first seek and obtain an order from the state court with proper jurisdiction, containing specific conclusions of law referred to as "judicial determinations." 8 C.F.R. § 204.11(c)(1).

25. The juvenile court must have made judicial determinations (i) declaring the juvenile dependent upon the juvenile court or legally committing the child to or placing the child under the custody of an agency or department of a state or an individual or entity appointment by a state or juvenile court, (ii) that parental reunification with one or both parents is not viable due to abuse, abandonment, neglect, or a similar basis under state law, and (iii) that it would not be in the child's best interest to be returned to her or her parents' country of nationality or last habitual residence. 8 C.F.R. § 204.11(c)(1)-(2).

26. "The juvenile court must have exercised its authority over the petitioner as a juvenile and made the requisite judicial determinations in this paragraph under **applicable State law** to establish eligibility." 8 C.F.R. § 204.11(c)(3)(i) (emphasis added).

27. "USCIS generally **defers to the court on matters of state law and does not go behind the juvenile court order to reweigh evidence and make independent determinations** about the best interest of the juvenile and abuse, neglect, abandonment, or a similar basis under

state law." U.S. Citizenship and Immigration Services, *USCIS Policy Manual*, Vol. 6, Part J, Ch. 2 (current as of August 4, 2025) (emphasis added).

28. Additionally, "[t]here is nothing in USCIS guidance that should be construed as instructing juvenile courts on how to apply **their own state law.** Juvenile courts should follow their state laws on issues such as when to exercise their authority, evidentiary standards, and due process." U.S. Citizenship and Immigration Services, *USCIS Policy Manual*, Vol. 6, Part J, Ch. 3(A)(1) (current as of August 4, 2025) (emphasis added).

**Denial of Loani's Application for Special Immigrant Juvenile Classification**

29. Loani is a 22-year-old citizen and national of Honduras.

30. Loani first arrived in the United States on February 2, 2021, when she was only seventeen years old. She has not left the United States since her initial entry.

31. Since entering the United States, Loani has built a life in New Hampshire, and now has a one-year-old United States citizen child.

32. After entering the United States, Loani was placed in a center for unaccompanied children by the U.S. Department of Health and Human Services' ("DHHS") Office of Refugee Resettlement ("ORR"), Division of Unaccompanied Children Operations ("DUCO").

33. ORR then released Loani to one of her adult brothers in Manchester, New Hampshire

34. On September 10, 2021, a day prior to Loani's eighteenth birthday, a different brother filed a Private Petition for Abuse and Neglect (the "Abuse and Neglect Petition") with the New Hampshire Circuit Court, 9th Circuit – Family Division – Manchester (the "Family Court").

35. When filing the Abuse and Neglect Petition, in the cover letter to the Family Court, Loani explicitly consented to the Family Court retaining jurisdiction over her, past her eighteenth

birthday, pursuant to New Hampshire law. The court-stamped copy of the first page of the cover letter is attached hereto as **Exhibit A** (the "Cover Letter").

36. On June 3, 2024, the presiding judge in the Family Court issued a Judgment and Special Finding of Facts and Ruling of Law, attached hereto as **Exhibit B**, finding, in pertinent part, that (i) Loani was dependent on the Family Court, (ii) she was neglected and/or abandoned by her mother, (iii) she was neglected and/or abandoned by her father; (iv) reunification with her mother and father was not viable because of the neglect and/or abandonment, (v) it was in her best interest to remain in the United States in the care and custody of her brother, and (vi) it would not be in her best interest to return to Honduras. As confirmed in an Affidavit of Counsel dated April 23, 2024, attached hereto as **Exhibit C**, Loani's parents conceded the validity of the abandonment alleged in the initial Abuse and Neglect Petition.

37. The judge issued the orders *nunc pro tunc* to when the Abuse and Neglect Petition was filed, and originated in the Family Court, September 10, 2021.

38. Based on the Family Court's determinations and orders, dated July 29, 2024, prior to her twenty-first birthday, Loani filed Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant (the "SIJ Petition") with United States Citizenship and Immigration Services ("USCIS") requesting classification as a Special Immigrant Juvenile.

39. USCIS, thereafter, issued a Notice of Intent to Deny ("NOID"), dated October 22, 2024, on Loani's SIJ Petition, attached hereto as **Exhibit D**[1].

40. In the NOID, USCIS alleged

> In the pre-amble of the FINDINGS OF FACT AND RULINGS OF LAW, it states… 'The Court makes the following Degree [*sic*] of Special Findings of Fact and Rulings of Law, and enters them *nunc pro tunc*, relating back to the date of the original petitions [*sic*] filing on September 10, 2021…' However, you have not

---

[1] All but the last three digits of Plaintiff's Alien Number ("A-Number") has been redacted in alignment with Federal Rule of Civil Procedure 5.2(a).

7

provided a signed court order for which this order makes correction(s) too [*sic*]. You have not met your burden of proof showing that this court exercised jurisdiction over you as a juvenile under States law pursuant to INA 101(a)(27)(J); see also 8 CFR 204.11(a) and (c)(3)(i).

41.    On or about November 22, 2024, Loani responded to the NOID with a Memorandum of Law from counsel and the Cover Letter from September 10, 2021, wherein she explicitly consented to the Family Court retaining jurisdiction over her past her eighteenth birthday, among other previously submitted documents, counsel's Memorandum of Law is attached hereto as **Exhibit E**.

42.    The Memorandum of Law explained that the Family Court was exercising jurisdiction over Loani as a juvenile when the order was issued as the case was filed and originated with the Family Court when she was seventeen years old, and she explicitly consented to the Court retaining jurisdiction over her past her eighteenth birthday pursuant to N.H. R.S.A. § 169-C:4, II.

43.    The Cover Letter was submitted for the purpose of (i) showing that, under New Hampshire law, Loani consented to the Family Court retaining jurisdiction over her after she turned eighteen years old, (ii) Loani was seventeen years old when the Family Court began exercising jurisdiction over her, and (iii) the date the Abuse and Neglect Petition was filed with the Court and the proceedings were initiated.

44.    The Memorandum of Law also addressed USCIS's misunderstanding of the purpose and meaning of "*nunc pro tunc*" orders and clarified that *nunc pro tunc* orders give retroactive legal effect to a prior *date* and there is no statutory or common law requirement that a *nunc pro tunc* order may only be issued to correct a prior *order*.

45.  In a notice dated December 3, 2024, USCIS issued a decision denying the SIJ Petition, and without addressing any of the arguments raised in the Memorandum of Law (the "USCIS Denial"), attached hereto as **Exhibit F**[2].  USCIS decided,

> You have provided USCIS with a copy of your FINDINGS OF FACT AND RULINGS OF LAW dated June 3, 2024 from the State of New Hampshire.  Based on the evidence submitted, as well as USCIS records, your date of birth is September 11, 2003; therefore, it has been determined you were over the age of 18 at the time the court issued the order.  You have not met your burden of proof showing this court exercised jurisdiction over you as a juvenile under State law pursuant to INA 101(a)(27)(J).  See 8 CFR 204.11(a) and (c)(3)(i).
>
> The original petition of September 10, 2021 filed with the New Hampshire Circuit Court, 9th Circuit – Family Division – Manchester; is not a signed court order from a Juvenile Court in the State of New Hampshire issued prior to you turning 18. Based on a review of the record, USCIS finds that you have not met your burden of proof in demonstrating your petition should be approved.  Therefore, USCIS denied your Form I-360.

46.  USCIS's Denial failed to mention – much less appear to grasp – that the September 10, 2021 Cover Letter was not submitted to USCIS as evidence of a signed court order.  It was submitted as evidence that (i) Loani consented to the Family Court retaining jurisdiction over her past her eighteenth birthday as allowed by New Hampshire law, RSA § 169-C:4, II, and (ii) that the case originated with the Family Court, and thus the Family Court initially exercised jurisdiction over Loani, when she was seventeen years old.  The Family Court's original and amended orders unambiguously crystallize that fact.

47.  On or about January 3, 2025, Loani filed a Form I-290B, Notice of Appeal or Motion to file a motion to reopen and a motion to reconsider the denial of her SIJ Petition (the "Motions").  In support thereof, Loani provided: (1) a Legal Brief in support of her Motions, (2) an Amended Judgment and Special Finding of Facts and Ruling of Law dated January 2, 2025 (the

---

[2] All but the last three digits of Plaintiff's Alien Number ("A-Number") has been redacted in alignment with Federal Rule of Civil Procedure 5.2(a).

9

"Amended Order") and issued *nunc pro tunc* to September 10, 2021, attached hereto as **Exhibit G**, (3) Black's Law Dictionary's definition of "*Nunc Pro Tunc*," and (4) select decisions from the Supreme Court of the United States, and the Supreme Court of New Hampshire that reference *nunc pro tunc* orders.

48. In the Amended Order, the Judge clarified the Family Court's ability to retain jurisdiction over Loani past her eighteenth birthday and until her twenty-first birthday, pursuant to New Hampshire law. The judge also clarified her authority to issue orders *nunc pro tunc* and that under New Hampshire law, there does not need to be prior order subject to amendment, in order for the Family Court to exercise its inherent *nunc pro tunc* authority.

49. In complete disregard for the Family Court judge's Amended Order, and the Legal Brief in support of the Motions, in a notice dated February 13, 2025, USCIS dismissed the Motions, and affirmed USCIS's decision denying the SIJ Petition (the "USCIS Dismissal"), attached hereto as **Exhibit H**[3]. USCIS stated that the motion could not be approved because (i) "[t]he evidence you submitted with this motion does not overcome the reason(s) for the denial of your application or petition" and (ii) "[t]he original petition of September 10, 2021 <u>filed</u> with the New Hampshire Circuit Court, 9th Circuit – Family Division – Manchester; is not a signed court order from a Juvenile Court in the State of New Hampshire issued prior to you turning 18. We can not [*sic*] accept the filing date as the date that the judge signed the court order."

50. The USCIS Dismissal ignores all of the arguments in the Legal Brief as well as the Amended Order from the Family Court judge. The USCIS Dismissal also fails to make clear what "reason(s)" for the denial of SIJ classification, Loani failed to overcome. The use of "reason(s)"

---

[3] All but the last three digits of Plaintiff's Alien Number ("A-Number") has been redacted in alignment with Federal Rule of Civil Procedure 5.2(a).

10

indicates that USCIS itself is unclear if there is one or more reason she allegedly failed to overcome.

51. Defendants improperly denied Loani's SIJ Petition by arbitrarily and capriciously overstepping the bounds of their role in adjudicating the SIJ Petition, substituting their judgment for the Family Court's judgment, and ignoring and misapplying New Hampshire law in the adjudication of the SIJ Petition, in violation of applicable federal law and their own agency's binding practice manual.

52. Furthermore, Defendants deviated, without reasonable explanation, or justification, from established agency practice, policies, and procedures which were established to protect vulnerable children.

53. Defendants' denial of Loani's SIJ Petition is arbitrary and capricious and therefore violates the law.

## COUNT I
### VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT – ARBITRARY AND CAPRICIOUS AGENCY ACTION

54. The foregoing allegations are realleged and incorporated herein.

55. Defendants' denial of Plaintiff's application for Special Immigrant Juvenile classification violates the Administrative Procedure Act ("APA"), and should be set aside pursuant to 5 U.S.C. § 706(2)(A) as arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law.

56. "An agency's decision is arbitrary and capricious if the agency relied on improper factors, disregarded an important aspect of the problem, offered an explanation that runs counter to the evidence, or when a reasonable explanation for the agency's decision cannot be discerned." *Gulluni v. Levy*, 85 F.4th 76, 82 (1st Cir. 2023) (internal citations and quotations omitted); *Motor*

*Vehicle Manufacturers Ass'n of the United States, Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (stating that generally an agency rule is arbitrary and capricious "if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise."); *see also Flores Zabaleta v. Nielsen*, 367 F. Supp. 3d 208, 211 (S.D.N.Y. 2019) ("Deference to the agency is unwarranted 'if the agency has misconceived the law.'") (quoting *SEC v. Chenery Corp.*, 318 U.S. 80, 94 (1943)).

57. In finding that the New Hampshire Family Court did not exercise jurisdiction over Loani as a juvenile, Defendants ignored both New Hampshire state law authorizing the Court to retain jurisdiction over a juvenile past the age of eighteen, *see* RSA § 169-C:4, II, AND the judge's explicit *nunc pro tunc* orders.

58. Defendants also entirely disregarded the Amended Order issued by the Family Court which explicitly addressed the Family Court's retention of jurisdiction and authority to issue *nunc pro tunc orders* and failed to address any of the legal arguments contained in the Memorandum of Law or Legal Brief.

59. Defendants manufactured a nonexistent legal standard by improperly concluding that *nunc pro tunc* orders may only be employed to make corrections to prior orders, thus superimposing its own standards regarding the Family Court's jurisdictional authority, a practice that Congress did not authorize Defendants to consider.

60. Defendants entirely failed to consider (1) New Hampshire state law that explicitly authorizes the Family Court to retain jurisdiction over a child past their eighteenth birthday, (2) the meaning and purpose of a *nunc pro tunc* order, (3) that the Cover Letter demonstrated that the

Abuse and Neglect Proceeding was initiated, and Loani consented to the Court's statutory authority to retain jurisdiction over her past her eighteenth birthday, prior to her eighteenth birthday; (4) counsel's Memorandum of Law in response to the NOID; (5) counsel's Legal Brief in support of the Motion to Reopen and Motion to Reconsider; and (6) the Family Court's Amended Order. Defendants entirely failed to consider any of these important aspects of this case, completely disregarding and failing to address the above law, facts, legal arguments, pieces of evidence, and Family Court orders.

61. The explanation offered by Defendants for the denial of Loani's SIJ Petition runs counter to all of the evidence and legal authority presented to Defendants, specifically the evidence in Paragraph 47, *supra*, that Defendants refused to consider or acknowledge, specifically, receipt of counsel's Memorandum of Law, Legal Brief, or Amended Order or any of the facts, arguments, or law contained therein.

62. In fact, Defendants' explanation for their decision is so implausible in light of the facts and law that no reasonable rationale for the Defendants' decision can be discerned, as the explanation entirely fails to address relevant New Hampshire law and orders of the Family Court.

63. As outlined above, Defendants violated the APA when they denied Loani's SIJ Petition arbitrarily and capriciously and not in accordance with the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks that this Court grant the following relief:

A. Assume jurisdiction over this matter;

B. Declare that the denial of Plaintiff's SIJS Petition by Defendants was arbitrary, capricious, and contrary to applicable law;

C. Issue a preliminary injunction that enjoins Defendants to provide 14 days' notice to Plaintiff's counsel before Defendants take any adverse adjudicatory or enforcement action against Plaintiff while this litigation is pending;

D. Order USCIS to reopen and reconsider Plaintiff's SIJ Petition, and to re-adjudicate the SIJ Petition in light of the foregoing declarations;

E. Order USCIS to consider Plaintiff for deferred action based on the re-adjudication of her SIJ Petition, which should have been made prior to recent USCIS policy terminating deferred action for SIJ recipients, but for Defendants' unlawful conduct;

F. Award attorneys' fees and costs pursuant to 28 U.S.C. § 2412; and

G. Order any further relief this Court deems just and proper.

Respectfully submitted,
LOANI RAMOS SANCHEZ

By her Attorneys,
SHAHEEN & GORDON, P.A.

Date: October 28, 2025

/s/ Tayla A. George
Tayla A. George (Bar # 273522)
Olivia F. Bensinger (Bar # 274145)
107 Storrs Street
Concord, NH 03302
(603) 225-7262
tgeorge@shaheengordon.com
obensinger@shaheengordon.com

/s/ Ronald L. Abramson
Ronald L. Abramson (Bar # 9936)
1155 Elm Street, Suite 300
Manchester, NH 03101
(603)792-8472
rabramson@shaheengordon.com